IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| DEMARQUIS BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:23cv586-MHT |
| | ) | (WO) |
| THOMAS KINCEY, | ) | |
| individually, and WILLIE | ) | |
| MARVIN, individually, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Plaintiff Demarquis Brown brings this excessive force lawsuit against defendants Thomas Kincey and Willie Marvin.[1]  Brown asserts that defendants were guards at the Kilby Correctional Facility, and that while he was incarcerated there, he was beaten by Kincey while Marvin watched.  Brown claims that Kincey's use of force and

_____

1. In the complaint, plaintiff referred to defendants as "Officer Kinsey" and "Sgt. Marvin," but defendants have since noted that the correct spellings of their names are "Thomas Kincey" and "Willie Marvin."  *Compare* Second Am. Compl. (Doc. 17) 1, *with* Defs.' Summ. J. Mot. (Doc. 31) 1.  The court adopted defendants' spelling in this opinion and order.

Marvin's failure to intervene, violated the Eighth and Fourteenth Amendments, as enforced through 42 U.S.C. § 1983.  Jurisdiction is proper under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

Before the court is defendants' motion for summary judgment.  For reasons that follow, the motion will be denied.

## I.

Summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from the facts in favor of that party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  When "the record taken as a whole could not lead a rational trier of fact to

find for the non-moving party," summary judgment is appropriate.  *Id.*


## II.

The facts, taken in the light most favorable to Brown, are as follows.  In early October 2021, Brown was a prisoner at the Kilby Correctional Facility, where Kincey and Marvin were correctional officers.  "On or about October 2," they went to Brown's cell and brought him into a room without cameras, where Kincey strip searched Brown, but did not find any contraband on him. Brown Decl.  (Doc. 35-1) ¶ 1-5.  After the search, Kincey punched Brown, even though he was naked, calm, and fully compliant.  And when Brown went down to pick up his clothing, Kincey stomped on Brown's hand.  As a result, his hand felt like it was "broken," and he later "lost sensation in his pinky finger."  *Id.* ¶ 13.  Marvin saw the attack, yet he did nothing to stop it.  Afterward, Brown was taken to the hospital, where his hand was put in a cast.

III.

While correctional officers must sometimes use force to maintain order, they do not have a blank check to use force at any time or in any manner.  The Cruel and Unusual Punishments Clause of the Eighth Amendment prohibits them from using excessive force against prisoners.   When determining whether an officer used excessive force, the key inquiry is: "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  An officer may also be held liable if they witness another officer use excessive force and do not intervene.  *See Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009).

That said, defendants do not contest that the facts asserted here would show that Kincey used excessive force and that Marvin failed to intervene.  And so, the issue here is not whether the alleged facts would establish that defendants violated Brown's right to be free from

4

cruel and unusual punishment.   Instead, the sole issue is whether Brown's declaration, by itself, is enough evidence that the event *actually occurred* so as to defeat summary judgment.   Defendants contend that, while they worked at Kilby Correctional Facility, they were not on duty the date of the alleged beating.   And they further contend that Brown was not at Kilby but at another facility, Bullock Correctional Facility, on that date.

Summary judgment is not about who has the best or most evidence; it is about whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).   When making that determination, the court ordinarily looks at the evidence in the light most favorable to the nonmoving party.   *See Matsushita*, 475 U.S. at 587.   And usually, a plaintiff's declaration may establish facts that would be amissible at trial, and defeat summary judgment.   *See United States v. Stein*, 881 F.3d 853, 857 (11th Cir. 2018) (en banc)

("[O]ur cases correctly explain that a litigant's self-serving statements based on personal knowledge or observation can defeat summary judgment.")

But in *Scott v. Harris*, 550 U.S. 372 (2007), the Supreme Court recognized an exception.  That case involved officers who were in a car chase with the plaintiff.  *See id.* at 375.  A video of the chase contradicted his story, and so, the Court rejected his account.  *See id.* at 378-80.  The Court explained that, when deciding a summary-judgment motion, if a party's version of the facts is "blatantly contradicted by the record," the factual dispute is not 'genuine.'  *Id.*  And as a result, "a court should not adopt that version of the facts."  *Id.*

Here, defendants argue that the *Scott* exception applies for two reasons.

First, defendants contend that Brown's story is contradicted by a log of his movement history, which shows that a little over two months before the beating allegedly occurred, he was transferred from Kilby

6

Correctional Facility to Bullock Correctional Facility.[2] Defendants assert that the log does not show he was ever transferred back to Kilby, and so, the beating could not have taken place there.  Defendants also assert that it could not have occurred at Bullock since they never worked there.

"But there's a big difference between the record evidence presented in *Scott* and the evidence proffered here."   *Sears v. Roberts*, 922 F.3d 1199, 1208 (11th Cir. 2019).  In *Sears*, the Eleventh Circuit Court of Appeals emphasized that, in *Scott*, "a videotape of the incident definitively established what happened and what did not."  *Id.*  The plaintiff in *Scott* also conceded that the videotape was accurate and unaltered.  *See* 550 U.S. at 378.   In contrast, Brown argues that the log is inaccurate.   Plus, a log, unlike a video, does not definitively establish the location of the parties at the

---

2. Defendants also provided several reports from 2022 and 2023 that suggest Brown was housed at Bullock during those years.  But these reports do not contradict his declaration because they are from after the alleged beating took place.

7

time of the events, it merely suggests it.  Consequently,

whether "the log is accurate ... is [an] issue for the

jury to resolve."  *Sears*, 922 F.3d at 1208 n.4.

Second, defendants assert that the *Scott* exception

applies because they have documents showing that even if

Brown were at Kilby on October 2, they were not.  They

provided their own affidavits where they swear that,

while they worked at Kilby, they were not on duty on

October 2, and they submitted a timecard showing that

they never clocked in for work at Kilby that day.  Yet

these documents do not contradict Brown's declaration.

His declaration states the beating occurred "on or about

October 2," not that it occurred exactly on that day.

Brown Decl. (Doc. 35-1) ¶ 1.   Moreover, while the

timecard indicates defendants were not working at Kilby

on October 2, it also states that they were both working

the day prior, as well as two days after--both of which

are dates "on or about" October 2.   At bottom, the

documents "just pit the correctional officers' word

against [Brown's] word."   *Sears*, 922 F.3d at 1208.

8

Ultimately, whose word is more credible is for a jury, not a judge, to decide.  *See id.* at 1208-09.


                            IV.

    Admittedly, in conclusion, the only evidence Brown produced was his own declaration, while defendants produced affidavits and documents suggesting that they were not near Brown when the events allegedly took place. Still, here Brown's declaration is enough evidence to create a triable issue of fact about whom to believe.

    Accordingly, it is ORDERED that defendants Thomas Kincey and Willie Marvin's motion for summary judgment (Doc. 31) is denied.

    DONE, this the 24th day of June, 2025.

                        /s/ Myron H. Thompson
                        UNITED STATES DISTRICT JUDGE


                             9