## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| DEMARQUIS BROWN, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:23-cv-00586-MHT |
| | ) | (WO) |
| THOMAS KINCEY, et al. | ) | |
| | ) | |
| *Defendants*. | ) | |

### ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on Thursday, June 26, 2025, wherein the following proceedings were held and actions taken:

1.  **Parties and Trial Counsel:** If the case proceeds to trial, Mr. Terrell McCants will serve as trial counsel for the Plaintiff. Mr. Andrew (Andy) Crowder and Mrs. Tara Hetzel will serve as trial counsel for the Defendants; Mrs. Hetzel will file a Notice of Appearance upon confirmation that the case will proceed to trial.

    **Counsel Appearing at Pretrial Hearing:** Mr. McCants (for the Plaintiff) and Mr. Crowder (for the Defendants) appeared as counsel at the pretrial hearing.

2.  **Jurisdiction and Venue:** This Court has jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4). This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b).

3. **Pleadings:** The following pleadings and amendments were allowed:

| Plaintiff's Pleadings | Defendants' Pleadings |
|---|---|
| Complaint (doc. 1) | |
| Amended Complaint (doc. 12) | |
| Second Amended Complaint (doc. 17) | |
| | Answer (doc. 18) |
| | Amended Answer (doc. 28) |

4. **Contentions of the Parties:**

(a) <u>The Plaintiff</u>: Plaintiff Demarquis Brown, an inmate in the custody of the Alabama Department of Corrections (ADOC), brings this action under 42 U.S.C. § 1983 to allege violations of his Eighth Amendment rights. In his operative Second Amended Complaint (doc. 17), Brown contends that, on or around October 2, 2021, Defendant Thomas Kincey used excessive force on him, and Willie Marvin failed to intervene, at Kilby Correctional Facility ("Kilby") in Montgomery, Alabama. Brown alleges specifically that, despite his not posing a threat or showing any physical aggression, Kincey punched him in the face and broke his hand by stomping on it during an unproductive strip search in a room wherein Brown believed there were no video cameras, while Marvin stood idly by and did not intervene to stop Kincey despite having sufficient time and opportunity to do so. As a result of the alleged incident, Brown states that he lost sensation in his pinky finger and had to wear a cast. Brown contends further that the fictitiously-named "Warden at Kilby Correctional" caused Brown to suffer physical and emotional damages by failing to supervise, train or discipline Kincey and Marvin. For relief, Brown demands compensatory and punitive damages in an amount to be determined at a jury trial.

(b)     <u>The Defendants</u>: Defendants Thomas Kincey and Willie Marvin respond that, while they were employed at Kilby on or around October 2, 2021, Mr. Brown was at *Bullock* Correctional Facility ("Bullock") in Union Springs, Alabama. For that reason, Defendants Kincey and Marvin contend that they necessarily could not have violated Brown's rights as he has alleged in this action. In their pending motion for summary judgment (doc. 31), Kincey and Marvin have included copies of personnel files (docs. 31-1 and 31-2, respectively) showing them to be employed at Kilby, whereas Brown's inmate movement history shows that he was at *Bullock* from July 26, 2021, through at least December 4, 2023 (doc. 31-6 at 1-2). To further support this factual narrative, Kincey and Marvin's motion cites an affidavit from Ms. Trisha Crook, the Warden's Secretary at Kilby, which included authenticated copies of timecards showing them to be employed at Kilby the week of October 1-6, 2021. The timecards show no entries on Saturday, October 2, 2021, and both defendants have submitted sworn statements that they did not enter Kilby or any other ADOC facility (i.e., Bullock) on that day. Docs. 31-3 (affidavit of Kincey); 31-4 (affidavit of Marvin). After Brown reiterated in his response that he was at Kilby on October 2, doc. 35 at 4, Kincey and Marvin replied (doc. 36) by submitting classification summary reports and incident reports corroborating that Brown was at Bullock during the span indicated in his inmate movement history. Kincey's and Marvin's reply argues materially that Brown's inmate movement history is "objective, blatantly contradictory evidence" that merits granting summary judgment in their favor. Doc. 36 at 4.

5.      **<u>Stipulations By and Between the Parties</u>:** Because the parties dispute the foundational fact of their respective locations on the date of the alleged incident, the parties stipulate merely that Mr. Brown was an inmate in ADOC custody on or around October 2, 2021, and that Defendants Kincey and Marvin were assigned to Kilby the week of October 1-6, 2021.

Respectfully and jointly submitted June 27, 2025.

| | |
|---|---|
| /s/ Terrell McCants | /s/ Andrew C. Crowder* |
| Terrell McCants, Esq. | Andrew C. Crowder |
| (ASB-2299-L68M) (MCC176) | Assistant Attorney General |
| | |
| The Civil Rights Law Group, LLC | OFFICE OF THE ATTORNEY GENERAL |
| 420 North 20th Street, Suite 2200 | 501 Washington Avenue |
| Birmingham, AL 35203 | Montgomery, Alabama 36130-0152 |
| Ph: (205) 771-4999 | Telephone: (334) 242-7300 |
| tmccants@thecivilrightslawgroup.com | Andy.Crowder@AlabamaAG.gov |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendants* |
| | |
| | *\* With permission* |

**\*\*\***

It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last two days, are set for August 11, 2025, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama;

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the

4

exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, the jurors, and the judge to each have a set of the exhibits;

(4) Trial briefs ((a) summarizing the evidence to be presented at trial, (b) setting forth the elements of each and every claim and defense at issue and how the evidence does or does not satisfy those elements, and (c) addressing any evidentiary issues that may arise at trial) are required to be filed by August 4, 2025;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. 27, as modified); and

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order is hereafter modified by order of the court.

DONE, this the 27th day of June, 2025.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**